UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JEREMY WAYNE PRANTE,<br><br>    Defendant. | Case No. 3:24-cr-00212-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Jeremy Prante's Motion to Dismiss Indictment. Dkt. 27. For reasons explained below, the Government did not respond. The Court does not find oral argument necessary in this situation and will forego the same. Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

### A. FACTUAL BACKGROUND

The underlying facts of the case are simple. On June 2, 2024, officers from the Lewiston Police Department stopped Prante's SUV after he failed to use his turn signal. They seized his SUV, applied for a search warrant, and ultimately found a 9mm handgun inside. Because Prante had prior felony convictions at the time of his arrest, a federal grand jury returned an indictment charging Prante with Unlawful Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. 1.

## B. PROCEDURAL BACKGROUND

On May 9, 2024, a three-judge panel of the Ninth Circuit issued its decision in *United States v. Duarte*, holding that 18 U.S.C. § 922(g)(1) was unconstitutional unless a defendant's prior felony offense was "distinctly similar" to a Founding-era analogue associated with severe punishment (such as execution, life imprisonment, or estate forfeiture) tantamount to a lifetime deprivation of Second Amendment rights. 101 F.4th 657, 689 (9th Cir. 2024). Five days later, the government filed a petition for rehearing en banc. The Ninth Circuit eventually granted the request.

Considering the uncertainty surrounding the constitutionality of § 922(g)(1), Prante—like many criminal defendants in Idaho at that time—moved to continue his case or otherwise hold it in abeyance pending the Ninth Circuit's en banc decision. Dkt. 24. The Government agreed with Prante, and the Court granted the request. Dkt. 25.

On May 9, 2025, the Ninth Circuit issued its en banc decision holding that 18 U.S.C. § 922(g)(1) is "not unconstitutional as applied to non-violent felons . . . ." *United States v. Duarte*, ___ F.4th ___, 2025 WL 1352411, *3 (9th Cir. May 9, 2025) (en banc).

Prante then filed his Motion to Dismiss Indictment. Dkt. 27. Therein, Prante recognizes that his request is foreclosed by the Ninth Circuit's recent decision and that the Court must deny the same. *Id.* at 2, 5. Nevertheless, he filed his Motion simply to preserve the issue moving forward.

The Court indicated its intent to deny Prante's Motion but gave the Government an opportunity to put anything on the record it felt necessary. Dkt. 29. The Government elected not to file anything in response. The matter is now ripe for review.

## III. ANALYSYS

As Prante aptly recognizes, the Ninth Circuit's holding in *Duarte* dooms his Motion. Joining the Fourth, Eighth, Tenth, and Eleventh Circuits, the Ninth Circuit has determined that § 922(g)(1) is constitutional—even as applied to non-violent felons.[1]

The Court notes it previously addressed this topic and likewise found § 922(g)(1) was constitutional. In *United States v. Villalobos,* the Court undertook a lengthy and thorough analysis of the constitutionality of § 922(g)(1) as required by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). 2023 WL 3044770, at *2–*11 (D. Idaho Apr. 21, 2023).

The only material difference between the Court's conclusions in *Villalobos* and the Ninth Circuit's decision in *Duarte* is that the Circuit held that felons are part of "the people" protected by the Second Amendment. 2025 WL 1352411, at *8 ("[W]e hold that Duarte's status as a felon does not remove him from the ambit of the Second Amendment; he is one of 'the people' who enjoys Second Amendment rights.").[2]

There are, of course, other differences and nuances between the Ninth Circuit's decision in *Duarte* and the Court's decision in *Villalobos*. But the Court's purpose in mentioning its prior decision is simply to illustrate that, with the one exception mentioned, its prior analysis and reasoning is sound. The caselaw and application of § 922(g)(1) has

---

[1] The Third Circuit has held that § 922(g)(1) is unconstitutional as applied to a felon who was convicted of making a false statement to secure food stamps. *See Range v. Att'y Gen.*, 124 F.4th 218, 222–23 (3d Cir. 2024) (en banc). It is the sole Circuit to find §922(g)(1) unconstitutional in some respect.

[2] And while the instant Court held Villalobos (and other felons) were not part of "the people" under *Bruen's* first step, because the question was "no unsettled and divisive," the Court, nevertheless, went on to *Bruen's* second step and explained why § 922(g)(1) was constitutional. *Villalobos*, 2023 WL 3044770, at *6.

MEMORANDUM DECISION AND ORDER - 3

remained consistent in Idaho and will continue in that manner moving forward.

The Court fully agrees with the Ninth Circuit's holding in *Duarte*: § 922(g)(1) meets the test outlined in *Bruen,* is consistent with this Nation's historical tradition of firearm regulations, and is constitutional. And, because a "felony-by-felony" comparison is not required, the application of § 922(g)(1) is constitutional as to "all felons." *Duarte*, 2025 WL 1352411, at *14.

For these reasons, the Court must deny Prante's Motion.

### IV. ORDER

1. Prante's Motion to Dismiss Indictment (Dkt. 27) is DENIED.

DATED: May 30, 2025

David C. Nye
Chief U.S. District Court Judge